IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARLENE BARTLETT, ET. AL., | § § § § | |
| Plaintiffs, | | |
| VS. | § § | CIVIL ACTION NO. 9:00-CV-249 |
| SUNQUEST SPC INC., ET. AL., | § § § | |
| Defendant. | § | |

## DEFENDANT RAINTREE HEALTHCARE CORPORATION'S RULE 60(b) MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendant Raintree Healthcare Corporation ("Raintree") files this Rule 60(b) Motion to set aside the default judgment entered by the Court against Raintree and two other Defendants (Sunquest SPC Inc. and Unison Healthcare Corporation) on April 22, 2003, and respectfully shows the Court the following:

### I.
### PROCEDURAL BACKGROUND

The default judgment against Raintree in this case should be set aside because it is void. Raintree was not served with the pleading upon which the default judgment was based. A procedural history of the case may help the Court understand the relationships among the parties.

Raintree respectfully asks the Court to take judicial notice of the Court's docket sheet in this case, as well as all documents on file with the Court in this case. On October 11, 2000, Plaintiffs filed suit against Sunquest SPC Inc. and Unison Healthcare

DEFENDANT RAINTREE HEALTHCARE CORPORATION'S
RULE 60(b) MOTION TO SET ASIDE DEFAULT JUDGMENT
Page 1

Corporation. (Court's Docket Sheet). On October 28, 2002, Plaintiffs filed a waiver of service from Terry A. Dake as attorney for Louis A Movitz, Chapter 7 Bankruptcy Trustee for RainTree Healthcare Corporation f/k/a Unison Healthcare Corporation (only). (Ex. A, ¶ 4, Affidavit of Julia F. Pendery; Court's Docket Sheet). That Waiver of Service of Summons waived service of summons and service of Plaintiffs' original complaint, which was the live pleading on October 19, 2002 when the waiver was signed. (Ex. A, ¶ 4; Waiver of Service of Summons filed October 28, 2002). Plaintiffs filed an Amended Complaint on January 31, 2003. (Ex. A, ¶ 5; Court's Docket Sheet). On March 13, 2003, summons(es) for Plaintiffs' Amended Complaint were issued for Raintree Healthcare Corporation. (Ex. A, ¶ 6; Court's Docket Sheet). Those summons(es) were returned to Plaintiffs' counsel for service on Raintree Healthcare Corporation. (Ex. A, ¶ 6; Court's Docket Sheet). No return of service was filed for these summons, and no waiver of service is on file with the Court. (Ex. A, ¶ 6; Court's Docket Sheet).

The next day, apparently without attempting to serve Raintree with the summons(es) issued the previous day, Plaintiffs filed a motion for default judgment against Defendants Sunquest SPC, Inc. Unison Healthcare Corporation, and Raintree Healthcare Corporation. (Ex. A, ¶ 7; Court's Docket Sheet). A default judgment based on Plaintiffs' Amended Complaint against Raintree was entered on the docket on April 22, 2003. (Ex. A, ¶ 8; Court's Docket Sheet). It is therefore evident from the Court's own records that Defendant Raintree was not served, nor did its agent waive service, of

Plaintiff's Amended Complaint. As such, Raintree never received service or notice of the complaint from which default judgment was taken against Raintree.

## II.
## APPLICABLE LAW

Default judgments are not favored by the law because courts encourage trials on the merits. *See* 10A Wright and Miller, Federal Practice and Procedure §§ 2692-93 (1998). In fact, "default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In ruling on a motion to set aside default judgment, a court should resolve all doubts in favor of the party seeking relief from the judgment. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962); *General Tel. Corp. v. General Tel. Answering Service*, 277 F.2d 919, 921 (5th Cir. 1960). A motion to set aside a default judgment is addressed to the sound discretion of the district court. *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party or its representative from any judgment, including a default judgment, on the basis of (1) fraud, misrepresentation, or misconduct of the adverse party; (2) the judgment being void; or (3) any other reason justifying relief from the judgment. FED. R. CIV. P. 60(b) (additional bases omitted). To prevail on a motion to set aside default judgment, a defendant must also show "good cause." *Meaux Services, Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). Courts in the Fifth Circuit uniformly consider the following

factors when determining whether good cause exists: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Id.* These factors are not "talismanic," and the Court may consider others. *Id.*

It is improper to enter a default judgment against a defendant who has not been properly served. *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 252 (5th Cir. 1985) (internal citations omitted). As such, when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4). *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *see also Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998). Moreover, until served, a defendant has no duty to respond to the lawsuit. *Rogers*, 167 F.3d at 937. Where, as here, a defendant fails to respond due to lack of service, that failure was excusable, not neglectful. *Goldstein v. Gordon*, Civil Action No. 3:00-CV-0022-P, 2002 U.S. Dist. LEXIS 3348 at *15 (N.D. Tex. Feb.28, 2002).

### III.
### THE JUDGMENT IS VOID AGAINST RAINTREE BECAUSE RAINTREE WAS NEVER SERVED WITH THE COMPLAINT UPON WHICH DEFAULT JUDGMENT WAS BASED

The record affirmatively shows that Raintree was never served with the complaint from which the default judgment was rendered against it. Although summons(es) were issued for Plaintiffs' Amended Complaint, no returns of service were filed with the

Court. As such, there is error on the face of the record indicating that the judgment is void and must be set aside. *See Feist*, 778 F.2d at 252; *see also Rogers*, 167 F.3d at 937; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994). Not only was Raintree not served, but Plaintiffs filed their motion for default judgment the day after the summon(es) were issued, before any attempt at service could have even been made. Because Raintree was never served, its duty to answer was never triggered and Raintree's failure to answer is, thus, excusable. *See Goldstein*, 2002 U.S. Dist. LEXIS 3348 at *15; *see also Rogers*, 167 F.3d at 937. Because Defendants did not receive notice of these claims until after default judgment was entered against them, they were not provided an opportunity to defend against these claims. Thus, the entry of default judgment violated Defendants' due process rights and should, therefore, be vacated. *See Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988). For the foregoing reasons, there is good cause to overturn the void default judgment entered against Raintree.

Because Raintree is filing this motion within ten days of entry of judgment (not including intermediate Saturdays, Sundays and legal holidays pursuant to FED. R. CIV. P. 6), all appellate timetables are tolled until the Court enters an order disposing of this motion. FED. R. CIV. P. 60(b); FED. R. APP. P. 4(a)(4)(A)(vi).

## IV.
## PRAYER

Defendant Raintree Healthcare Corporation respectfully prays that the Court grant its motion to set aside default judgment and enter an order setting aside the default

judgment against Raintree and ordering Plaintiffs to serve Raintree with Plaintiffs' Amended Complaint in accordance with the Federal Rules of Civil Procedure. Defendant Raintree Healthcare Corporation further prays that the Court strike Defendants' Rule 59(e) Motion to Amend, Alter, or Vacate Judgment and replace said motion with this Rule 60(b) Motion to Set Aside Default Judgment, which is filed only on behalf of Defendant Raintree Healthcare Corporation.

Respectfully submitted,

*Julia F. Pendery*
DAVID P. PATTERSON
Texas State Bar No. 15587400
JULIA F. PENDERY[1]
Texas State Bar No. 15744050
HILAREE A. CASADA[2]
Texas State Bar No. 24027676

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Facsimile)

**ATTORNEYS FOR DEFENDANT RAINTREE HEALTHCARE CORPORATION**

---

[1] Application for admission is being prepared and will be filed shortly.

[2] Application for admission is being prepared and will be filed shortly.

## CERTIFICATE OF CONFERENCE

I hereby certify that I spoke with Plaintiff's counsel, Stefan Allen, on May 6, 2003 concerning the merits of this motion, and he stated that Plaintiffs are opposed to the relief requested in this motion.

*Hilaree A. Casada*

Hilaree A. Casada

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2003, a true and correct copy of Defendant Raintree Healthcare Corporation's Rule 60(b) Motion to Set Aside Default Judgment was forwarded to counsel for Plaintiffs at the following address via certified mail return receipt requested:

> Thomas S. Allen
> Attorney at Law
> 203 South Street
> Nacogdoches, TX 75961

*Hilaree A. Casada*

Hilaree A. Casada

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARLENE BARTLETT, ET. AL., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 9:00-CV-249 |
| SUNQUEST SPC INC., ET. AL., | § § § | |
| Defendant. | § | |

## AFFIDAVIT OF JULIA F. PENDERY

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, personally appeared Julia F. Pendery, who is known to me and who, upon oath, stated the following:

1. My name is Julia F. Pendery. I am over the age of eighteen (18) years of age, of sound mind, and fully competent to testify herein. I have personal knowledge of the facts and statements contained herein based on my personal involvement in the events described herein, and I swear that the statements made herein are true and correct.

2. I am currently a Partner in the law firm Godwin Gruber, LLP and am one of the counsel representing Defendant Raintree Healthcare Corporation in the above styled and numbered action. I am also Board Certified in Civil Appellate Law in the State of Texas.

3. I have reviewed the Court's docket sheet, as well as documents available from the Court through RACER, in the above referenced and styled case.

4. My review of the Court's docket sheet and available documents reveals that Plaintiffs obtained a waiver of service from Terry A. Dake as attorney for Louis A Movitz, Chapter 7 Bankruptcy Trustee for RainTree Healthcare Corporation f/k/a Unison Healthcare Corporation (only), which was filed with the Court on October 28, 2002. That Waiver of Service of Summons waived service of summons and service of

AFFIDAVIT OF JULIA F. PENDERY                                                                 Page 1

Plaintiffs' original complaint, which was the live pleading on October 19, 2002 when the waiver was signed.

5. My review of the Court's docket sheet and available documents reveals that Plaintiffs filed their Amended Complaint on January 31, 2003. The docket sheet shows that Defendant Raintree Healthcare Corporation was not served with Plaintiffs' Amended Complaint.

6. My review of the Court's docket sheet and available documents reveals that summons for Plaintiffs' Amended Complaint were issued for Raintree Healthcare Corporation on March 13, 2003. Those summons were returned to Plaintiffs' counsel for service on Raintree Healthcare Corporation. No return of service was filed for these summons, and no waiver of service is on file with the Court. .

7. My review of the Court's docket sheet and available documents reveals that the next day, March 14, 2003, Plaintiffs filed a motion for default judgment against Defendants Sunquest SPC, Inc. Unison Healthcare Corporation, and Raintree Healthcare Corporation.

8. My review of the docket sheet and available documents also reveals that a default judgment based on Plaintiffs' Amended Complaint was entered against Defendant Raintree Healthcare Corporation on April 22, 2003.

9. From the above-referenced documents, I have concluded that Defendant Raintree Healthcare Corporation was never served with the complaint from which default judgment was taken against it.

**AFFIDAVIT OF JULIA F. PENDERY**                                   Page 2

Further affiant sayeth not.

*Julia F. Pendery*
Julia F. Pendery

SUBSCRIBED AND SWORN to before me on 6th day of May, 2003, to certify which, witness my hand and official seal.

*Cathy Reuschle*
Notary Public, State of Texas



**AFFIDAVIT OF JULIA F. PENDERY**　　　　　　　　　　　　　　　　　　　　Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARLENE BARTLETT, ET. AL., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 9:00-CV-249 |
| SUNQUEST SPC INC., ET. AL., | § § | |
| Defendant. | § § | |

## ORDER

The Court grants Defendant Raintree Healthcare Corporation's Rule 60(b) Motion to Set Aside Default Judgment and ORDERS that the Default Judgment entered against Defendants on April 22, 2003 be vacated . The Court further ORDERS that a Plaintiffs' immediately serve Defendant Raintree Healthcare Corporation with Plaintiff's' Amended Complaint in accordance with the Federal Rules of Civil Procedure. The Court further ORDERS that Defendants Sunquest SPC, Inc., Unison Health Care Corporation and Raintree Healthcare Corporation's Motion to Amend, Alter, or Vacate Default Judgment is hereby stricken.

SIGNED this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT COURT JUDGE