IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



| | | |
|---|---|---|
| DARLENE BARTLETT, ET. AL., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 9:00-CV-249 |
| SUNQUEST SPC INC., ET. AL., | § § § | |
| Defendant. | § | |



## DEFENDANT RAINTREE HEALTHCARE CORPORATION'S SUPPLEMENTAL RESPONSE AND BRIEF IN SUPPORT OF DEFENDANT'S RULE 60(b) MOTION TO SET ASIDE DEFAULT JUDGMENT

JULIA F. PENDERY
Texas State Bar No. 15744050
**Attorney in Charge**

HILAREE A. CASADA
Texas State Bar No. 24027676
**Of Counsel**

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Facsimile)

**ATTORNEYS FOR DEFENDANT
RAINTREE HEALTHCARE
CORPORATION**



# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................. iii

I. PROCEDURAL BACKGROUND .................................................................................... 1

II. THE JUDGMENT IS VOID AGAINST RAINTREE BECAUSE RAINTREE WAS NEVER SERVED WITH THE COMPLAINT UPON WHICH DEFAULT JUDGMENT WAS BASED ................................................................................ 4

    A.    Raintree was never served with Plaintiffs' First Amended Original Complaint ....... 5

    B.    Service by facsimile was insufficient because Raintree did not consent in writing to facsimile service. .................................................................................... 7

    C.    Plaintiffs' were required to serve Raintree with the live pleading upon which default judgment was based and failed to do so. ...................................................... 8

III.. PLAINTIFFS' RESPONSE TO RAINTREE'S 60(b) MOTION SHOULD BE STRICKEN AND MUCH OF PLAINTIFFS' EVIDENCE IN RESPONSE TO RAINTREE'S MOTION SHOULD BE DISREGARDED .................................. 11

    A.    Plaintiffs' response to Raintree's Rule 60(b) motion should be stricken because Plaintiffs' counsel does not have personal knowledge of the facts stated therein... 11

    B.    Any records concerning Raintree's purported corporate status and/or make-up should be disregarded because those records are irrelevant and not properly authenticated. ........................................................................................................ 12

IV. IN THE ALTERNATIVE, REMITTITUR IS APPROPRIATE SHOULD THE COURT DECIDE TO UPHOLD THE DEFAULT JUDGMENT ......................... 13

PRAYER ............................................................................................................................... 14

# **TABLE OF AUTHORITIES**

## **CASES**

*Benefit Planners, L.L.P. v. RenCare, Ltd.*,
    81 S.W.3d 855 (Tex. App.—San Antonio 2002, pet. denied) .................................. 9

*Bower v. Bower*,
    758 So.2d 405 (Miss. 2000) ....................................................................................... 12

*Caprock Construction Co. v. Guaranteed Floorcovering, Inc.*,
    950 S.W.2d 203 (Tex. App.—Dallas 1997, no writ) ................................................. 10

*Chaves v. Todaro*,
    770 S.W.2d 944 (Tex. App.—Houston [1st Dist.] 1989, no writ) ............................ 9

*Douglass v. Delta Air Lines, Inc.*,
    897 F.2d 1336 (5th Cir. 1990) .................................................................................... 13

*Feist v. Jefferson County Comm'rs Court*,
    778 F.2d 250 (5th Cir. 1985) ................................................................................... 4, 5

*Fields v. Pool Offshore Inc.*,
    182 F.3d 353 (5th Cir. 1999) ...................................................................................... 12

*Fowler v. Southern Bell Telegraph and Telegraph Co.*,
    343 F.2d 150 (5th Cir. 1965) ...................................................................................... 11

*Goldstein v. Gordon*,
    Civil Action No. 3:00-CV-0022-P,
    2002 U.S. Dist. LEXIS 3348 (N.D. Tex. Feb.28, 2002) ........................................ 4, 6

*Harper Macleod Solicitors v. Keaty & Keaty*,
    260 F.3d 389 (5th Cir. 2001) ....................................................................................... 8

*Henderson v. Department of Public Safety and Corrections*,
    901 F.2d 1288 (5th Cir. 1990) .................................................................................... 11

*Lebron v. United States*,
    279 F.3d 321 (5th Cir. 2002) ...................................................................................... 13

*Leedo Cabinetry v. James Sales & Distributing, Inc.*,
    157 F.3d 410 (5th Cir. 1998) ....................................................................................... 4

*McKanna v. Edgar,*
    388 S.W.2d 927 (Tex. 1965) ............................................................................... 9

*Medford v. Salter,*
    747 S.W.2d 519 (Tex. App.—Corpus Christi 1988, no writ) ................................ 9

*Naab v. U.S.,*
    3:98-C 2002 US Dist. LEXIS 9906 (N.D. Tex. 2002) ......................................... 13

*Peralta v. Heights Medical Ctr.,*
    485 U.S. 80 (1988) ............................................................................................ 6, 7

*Pharmakinetics Labs., Inc. v. Katz,*
    717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ) ............................ 9

*Primate Construction, Inc. v. Silver,*
    884 S.W.2d 151 (Tex. 1994) ....................................................................... 5, 8, 10

*Rogers v. Hartford Life and Accident Insurance Co.,*
    167 F.3d 933 (5th Cir. 1999) ........................................................................ 4, 5, 6

*United States v. Parsons,*
    1997 U.S. Dist. LEXIS 18002 (M.D. Fla. Oct. 12, 1997) .................................. 11

*Uvalde Country Club v. Martin Linen Supply Co.,*
    690 S.W.2d 884 (Tex. 1985) ............................................................................. 8, 9

*Wilson v. Dunn,*
    800 S.W.2d 833 (Tex. 1990) ............................................................................. 6, 9

**RULES**

FED. R. CIV. P. 4(e)(1) ................................................................................................... 8

FED. R. CIV. P. 5(a) ............................................................................................... 6, 7, 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARLENE BARTLETT, ET. AL., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 9:00-CV-249 |
| SUNQUEST SPC INC., ET. AL., | § § § | |
| Defendant. | § | |

**DEFENDANT RAINTREE HEALTHCARE CORPORATION'S
SUPPLEMENTAL RESPONSE AND BRIEF IN SUPPORT OF
DEFENDANT'S RULE 60(b) MOTION TO SET ASIDE DEFAULT JUDGMENT**

Defendant Raintree Healthcare Corporation ("Raintree") files this Supplemental Response and Brief in Support of Defendant's Rule 60(b) Motion to Set Aside the default judgment entered by the Court against Raintree and two other Defendants (Sunquest SPC Inc. and Unison Healthcare Corporation) on April 22, 2003, and respectfully shows the Court the following:

## I.
## PROCEDURAL BACKGROUND

On April 15, 2003, the Court entered a default judgment against Raintree based on Plaintiffs' First Amended Original Complaint ("the amended complaint"). After receiving notice of the default judgment, Raintree filed a Rule 60(b) Motion to Set Aside Default Judgment. In that motion, Raintree contended that the default judgment against Raintree is void because Raintree was not served with the pleading upon which the

1

default judgment was based (Plaintiff's Amended Complaint) and should, therefore, be set aside. A hearing was held regarding Raintree's Rule 60(b) motion on May 29, 2003. Raintree files this supplemental response and brief in support of its Rule 60(b) motion in order to answer various questions posed by the Court during the May 29, 2003 hearing and to supplement its legal arguments.

The following timeline of relevant events shows that Raintree was not properly served with Plaintiff's First Amended Original Complaint and did not waive service:

| | |
|---|---|
| October 10, 2002 | Plaintiff's Original Complaint is sent to Terry Dake, attorney for Louis A. Movitz, Chapter 7 Bankruptcy Trustee for Raintree Healthcare Corporation f/k/a Unison Healthcare Corporation, via facsimile<br><br>Plaintiff's Original Complaint does not name Raintree as a defendant. |
| October 10, 2002 | Terry Dake sends a return fax to Stefan Allen stating that he can only accept service for the trustee of the bankruptcy estate of Raintree f/k/a Unison Healthcare Corporation, and that Sunquest SPC Inc. is a separate corporation for which he could not accept service. |
| October 19, 2002 | Terry Dake signs waiver of service relating to Plaintiff's Original Complaint (the only live pleading at that time). |
| October 28, 2002 | Waiver of service returned and filed as to Unison Healthcare Corporation. |
| November 1, 2002 | Stefan Allen faxes Plaintiff's *Proposed* First Amended Original Complaint to Terry Dake.<br><br>The First Amended Original Complaint had not yet been filed with the Court and did not have Raintree in the style of the case when it was faxed to Terry Dake. |

2

| November 2, 2002 | Terry Dake sends a return fax to Stefan Allen, indicating on the fax that he would not be filing an answer. |
|---|---|
| November 12, 2002 | Plaintiffs file their Motion for Leave to File Amended Complaint |
| January 31, 2003 | The Court grants Plaintiffs' Motion to File Amended Complaint and files Plaintiffs' First Amended Original Complaint |
| March 13, 2003 | Summons(es) are issued for Raintree and returned to Plaintiffs' attorney for service. |
| March 14, 2003 | Plaintiffs file a Motion for Default Judgment against Raintree, Sunquest SPC Inc., and Unison Healthcare Corporation. |
| March 26, 2003 | Default judgment hearing is held. |
| April 15, 2003 | Plaintiffs file their Motion for Entry of Default Judgment against Raintree, Sunquest SPC Inc., and Unison Healthcare Corporation. |
| April 22, 2003 | The Court enters default judgment against Raintree, Sunquest SPC Inc. and Unison Healthcare Corporation. |
| May 8, 2003 | Raintree files its Rule 60(b) Motion to Set Aside Default Judgment |
| May 29, 2003 | Hearing held on Raintree's Rule 60(b) Motion to Set Aside Default Judgment |

The Court's record shows the following: (1) Plaintiffs' Original Complaint did not name Raintree as a defendant; (2) no return of service was filed for the summons regarding Plaintiff's First Amended Original Complaint, so Raintree was never served with the approved and filed Plaintiffs' First Amended Original complaint; (3) the only waiver of service on file with the Court is as to Unison Healthcare Corporation and relates to Plaintiffs' Original Complaint; (4) Raintree did not waive service regarding

3

Plaintiffs' First Amended Original Complaint because no waiver of service is on file with the Court; and (5) Raintree did not consent in writing to facsimile service of subsequent pleadings.

Raintree incorporates by reference herein the arguments made and evidence submitted in support of its Rule 60(b) Motion to Set Aside Default Judgment and Brief in Support and renews its request that the Court take judicial notice of the Court's docket sheet in this case, as well as all documents on file with the Court in this case.

## II.
## THE JUDGMENT IS VOID AGAINST RAINTREE BECAUSE RAINTREE WAS NEVER SERVED WITH THE COMPLAINT UPON WHICH DEFAULT JUDGMENT WAS BASED

It is improper to enter a default judgment against a defendant who has not been properly served. *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 252 (5th Cir. 1985) (internal citations omitted). As such, when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4). *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *see also Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998). Moreover, until served, a defendant has no duty to respond to the lawsuit. *Rogers*, 167 F.3d at 937. Where, as here, a defendant fails to respond due to lack of service, that failure was excusable, not neglectful. *Goldstein v. Gordon*, Civil Action No. 3:00-CV-0022-P, 2002 U.S. Dist. LEXIS 3348 at *15 (N.D. Tex. Feb.28, 2002).

Here, Plaintiffs' failure to effectuate service on Raintree is twofold: (1) Raintree was never served with the amended complaint once it was actually filed with the Court and was, thus, never given the opportunity to answer that complaint; and (2) the service by facsimile of the *proposed* amended complaint in November 2002 was not proper and, thus, insufficient to support the default judgment, because Raintree did not consent in writing to service by facsimile.

### A. Raintree was never served with Plaintiffs' First Amended Original Complaint

The record affirmatively shows that Raintree was never served, formally or otherwise, with the complaint from which the default judgment was rendered against it. Although summons(es) were issued for Plaintiffs' Amended Complaint, no returns of service were filed with the Court. As such, the record shows that Raintree was never formally served with the amended complaint. Because Raintree was not a named Defendant in the original complaint, Terry Dake's waiver of service as to Unison Healthcare Corporation, which was named in the complaint, did not extend to Raintree. As such, Plaintiffs were required to either formally serve Raintree with the amended complaint that added Raintree as a defendant or obtain waiver of service from Terry Dake on behalf of Raintree. By failing to formally issue service of process on Raintree with the amended complaint, the Court did not have jurisdiction over Raintree and the default judgment is void and must be set aside. *See Feist*, 778 F.2d at 252; *see also Rogers*, 167 F.3d at 937; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994).

Similarly, faxing the *proposed* amended complaint to Terry Dake was insufficient service because Plaintiffs faxed that document to Terry Dake *before* it was filed with the

Court and it is undisputed that Raintree was never served with the amended complaint *after* it was approved by and filed with the Court. So, even if the Court determines that the initial waiver of service extended to Raintree and the amended complaint, the default judgment is still void because Raintree was never provided with the amended complaint after it was filed with the Court. The initial waiver of service did not allow Plaintiffs to simply not serve Raintree with the amended complaint; Plaintiffs were still required to serve Raintree with a copy of the amended complaint pursuant to FED. R. CIV. P. 5(a). By failing to notify Raintree that the amended complaint had been filed, Plaintiffs' violated the Federal Rules of Civil Procedure.

Moreover, until Plaintiffs' actually filed the amended complaint, it was not the live pleading and Raintree had no duty to answer the allegations contained in the amended complaint. *See Goldstein*, 2002 U.S. Dist. LEXIS 3348 at *15; *see also Rogers*, 167 F.3d at 937 ("Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment."). By not serving Raintree with the amended complaint, Raintree was never obligated to answer the amended complaint. *See Rogers*, 167 F.3d at 937. By entering a default judgment against Raintree based on a complaint it never received, Raintree was denied due process. *See Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988). It does not matter that Raintree had received a proposed version of the amended complaint because, until that complaint was filed, it was nothing more than a non-binding proposal. Moreover, notice without proper service cannot support a default judgment. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Because Raintree was never served with the amended complaint, the default judgment was improperly entered.

To make matters worse, not only was Raintree not served with the amended complaint, but Plaintiffs did not give Raintree an opportunity to be served or to answer the amended complaint after it was filed. Instead, Plaintiffs filed their motion for default judgment the day after the summon(es) were issued, before any attempt at service could have even been made. Plaintiffs' failure to even attempt to serve Raintree with the amended complaint further illustrates that default judgment was improperly entered. Because Defendants did not receive notice of these claims until after default judgment was entered against them, Raintree's duty to answer was never triggered and Raintree was not provided an opportunity to defend against these claims. Thus, the entry of default judgment violated Defendant's due process rights and should, therefore, be vacated. *See Peralta*, 485 U.S. at 85-86. For the foregoing reasons, there is good cause to overturn the void default judgment entered against Raintree.

**B.**   **Service by facsimile was insufficient because Raintree did not consent in writing to facsimile service.**

Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure allows a party to serve a pleading filed subsequent to the original complaint via "electronic means," including facsimile. Service by facsimile is only sufficient, however, if that means of service was "consented to in writing by the person served." FED. R. CIV. P. 5(b)(2)(D); GAP Report to the 2001 Amendments to Rule 5(b). So, even assuming *arguendo* that the original waiver of service extended to Raintree and the amended complaint, Plaintiffs were still

required to serve Raintree with all subsequently filed pleadings pursuant to FED. R. CIV. P. 5. It is undisputed that the only copy of the amended complaint served on Raintree was served via facsimile more than three months *before* it was actually filed. So, service was improper because the amended complaint was never served on Raintree once the amended complaint was filed. FED. R. CIV. P. 5(a). But even assuming *arguendo* that service prior to filing was sufficient to provide notice to Raintree, service was still insufficient because Raintree did not consent in writing to service by facsimile. FED. R. CIV. P. 5(b)(2)(D); GAP Report to the 2001 Amendments to Rule 5(b). Because Raintree did not consent in writing to facsimile service, providing Raintree with Plaintiffs' proposed amended complaint via facsimile was insufficient and did not trigger Raintree's duty to answer the amended complaint. Accordingly, Plaintiffs could not obtain a default judgment based on the amended complaint, and the default judgment is, thus, void.

C.  **Plaintiffs' were required to serve Raintree with the live pleading upon which default judgment was based and failed to do so.**

Because Plaintiffs' failed to properly serve Raintree with the complaint on which the default judgment rested, that judgment is void. To determine whether a defendant was properly served, the court must apply state substantive law. FED. R. CIV. P. 4(e)(1); see *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398-99 (5th Cir. 2001). Under Texas law, there are no presumptions in favor of proper service following a no-answer default judgment. *Primate Constr.*, 884 S.W.2d at 152; *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex. 1985). Strict compliance with the rules for service is required in order to uphold a default judgment. *Primate Construction*,

8

*Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Even relatively minor deviations from the service of process rules will render a default judgment void. *See, e.g. Uvalde Country Club*, 690 S.W.2d at 885 (citation invalid because it named "Henry Bunting" as opposed to Henry Bunting, Jr.); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 858-61 (Tex. App.—San Antonio 2002, pet. denied) (holding that service was insufficient and invalid where the return failing to recite that the citation was delivered to the corporate defendant by serving its registered agent).

Strict compliance with the rules of civil procedure relating to the issuance, service and return of citation must be shown on the face of the record or the attempted service of process will be rendered invalid and of no effect and the judgment under direct attack must be reversed. *Uvalde Country Club*, 690 S.W.2d at 885; *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *see also Medford v. Salter*, 747 S.W.2d 519, 520, (Tex. App.—Corpus Christi 1988, no writ) (affidavit in support of motion for substituted service of citation did not show specific facts that service had been attempted and was deficient); *Chaves v. Todaro*, 770 S.W.2d 944, 945 (Tex. App.—Houston [1st Dist.] 1989, no writ). If attempted service is invalid, or there is no service at all, the trial court acquires no in personam jurisdiction over the defendant. *Benefit Planners, L.L.P.*, 81 S.W.3d at 858 (citing *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ)). Moreover, actual notice to a defendant, without proper service, will not be sufficient to give a court jurisdiction to enter a default judgment against that defendant. *Wilson*, 800 S.W.2d at 836. Here, Plaintiffs failed to

9

strictly comply with Texas' service of process rules. As such, the default judgment should be reversed.

Under Texas law, when a defendant is only served with a complaint in which that defendant is not named, there is error on the face of the record requiring a default judgment to be overturned. *Primate Construction*, 884 S.W.2d at 152. Similarly, for a default judgment to stand, the defendant must have been properly served with the pleading on which the judgment is based. *Caprock Construction Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 204-05 (Tex. App.—Dallas 1997, no writ). The logic is simple: a defendant cannot be deemed to have admitted allegations in a complaint that has not been properly served on that defendant. *Id.* at 204. By failing to answer, a defendant admits all material facts in the pleading that was served on the defendant. *Id.* But a failure to answer does not admit liability when the live pleading was not properly served on the defendant. *Id.* As such, default judgment is improperly granted if a defendant is not properly served with the live pleading upon which judgment is based. *Id.* For example, in *Caprock Construction*, Caprock was served only with the original petition, even though an amended petition had been filed and was the live pleading at the time of judgment. *Id.* at 205. The court held that it was irrelevant that Caprock knew it had been sued because it had not "admitted liability on the claims for which the trial court entered a default judgment." *Id.* Because Caprock was never served with the pleading on which judgment was based, the judgment was void. *Id.*

Here, it is undisputed that Raintree was never properly served, with the amended complaint. As such, Raintree's failure to answer did not admit liability and was

10

insufficient to support default judgment. Just as in *Caprock Construction*, it is irrelevant whether or not Raintree knew it had been sued because Raintree never admitted liability on the claims raised in the amended complaint. Plaintiffs' failure to strictly comply with the rules governing service renders the default judgment void. Accordingly, the Court should overturn the default judgment entered against Raintree.

### III.
### PLAINTIFFS' RESPONSE TO RAINTREE'S 60(B) MOTION SHOULD BE STRICKEN AND MUCH OF PLAINTIFFS' EVIDENCE IN RESPONSE TO RAINTREE'S MOTION SHOULD BE DISREGARDED

A. **Plaintiffs' response to Raintree's Rule 60(b) motion should be stricken because Plaintiffs' counsel does not have personal knowledge of the facts stated therein.**

Plaintiffs' counsel verified his response to Raintree's Rule 60(b) Motion to Set Aside Default Judgment. In that verification, Plaintiffs' counsel admits that the facts stated and relied on its response were not based on his personal knowledge, but were instead based on "information and belief" from discussions with his legal assistant. An attorney's declaration or affidavit is generally insufficient to establish facts unless the attorney has personal knowledge of the critical facts. *United States v. Parsons*, 1997 U.S. Dist. LEXIS 18002 (M.D. Fla. Oct. 12, 1997) (default judgment context); *Henderson v. Dept. of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990); *Fowler v. Southern Bell Tel. and Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965). Because the allegations in Plaintiffs' response are not based on counsel's personal knowledge, that response is not competent evidence and not suitable as affidavit testimony to support the default judgment.

11

**B.   Any records concerning Raintree's purported corporate status and/or make-up should be disregarded because those records are irrelevant and not properly authenticated.**

Plaintiffs' submitted various documents purporting to be official records from the State of Arizona regarding Raintree's corporate status. Plaintiffs submitted no evidence, however, to properly authenticate these documents. There is no evidence that these documents are actually from an official website maintained by the State of Arizona, and there is no evidence to verify the accuracy of the information contained in these documents. Similarly, Plaintiffs provided no evidence establishing the truth and accuracy of the contents of the Voluntary Petition Plaintiffs' counsel purportedly obtained from the website of the United States Bankruptcy Court for the District of Arizona. Nor did Plaintiffs' counsel prove he had personal knowledge of the contents of any of these documents. Because there is no evidence establishing the truth and accuracy of the information contained in these documents, they are not properly authenticated, are not competent evidence, and cannot be considered by the Court. *See Fields v. Pool Offshore Inc.*, 182 F.3d 353, 360 (5th Cir. 1999); *Bower v. Bower*, 758 So.2d 405, 414 (Miss. 2000) (party who does not maintain website relied on as evidence may not authenticate printouts from the website and such evidence is inadmissible). Moreover, as discussed in section II, C *supra*, it is irrelevant whether Raintree knew it had been sued, because Raintree was never served with the amended complaint and, therefore, did not admit liability under that complaint by failing to answer. So, any evidence relating to Raintree's connection, if any, to the other defendants in this case is irrelevant to the question of whether the default judgment should be upheld.

## IV.
## IN THE ALTERNATIVE, REMITTITUR IS APPROPRIATE SHOULD THE COURT DECIDE TO UPHOLD THE DEFAULT JUDGMENT

The Fifth Circuit applies the "maximum recovery rule" when deciding whether a remittitur is necessary. *Lebron v. United States*, 279 F.3d 321, 326 (5th Cir. 2002). Under the maximum recovery rule, the court will not reduce a damages award if that award is "not disproportionate to at least one factually similar case from the relevant jurisdiction." *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1339 (5th Cir. 1990). Here, the Court awarded Ms. Lowe's children over $3 million in damages for mental anguish resulting from the loss of their mother, and awarded Ms. Lowe's estate $4.5 million for pain and suffering, mental anguish and disfigurement. This damages award is excessive, especially in light of the many ailments Ms. Lowe presented with when admitted to Hemphill. Because there was no evidence or insufficient evidence that Ms. Lowe's death was caused by substandard care or that substandard care shortened her life, this award is disproportionate when compared to at least one case in this jurisdiction and a remittitur is warranted should the Court decide to uphold the default judgment. *See Naab v. U.S.*, 3:98-CV-0146-L, 2002 US Dist. LEXIS 9906 (N.D. Tex. 2002) (denying all relief requested and holding that there was insufficient evidence that substandard care caused the death of, or shortened the life of, an AIDS patient in the final stages of the disease).

## V.
## PRAYER

Defendant Raintree Healthcare Corporation respectfully prays that the Court grant its motion to set aside default judgment and enter an order setting aside the default judgment against Raintree and ordering Plaintiffs to serve Raintree with Plaintiffs' First Amended Original Complaint in accordance with the Federal Rules of Civil Procedure. In the alternative, Raintree prays the Court enter a remittitur decreasing the amount of damages awarded to Plaintiffs.

Respectfully submitted,

*Julia F. Pendery w/permission Hilaree A. Casada*

**JULIA F. PENDERY**
Texas State Bar No. 15744050
**Attorney in Charge**

**HILAREE A. CASADA**
Texas State Bar No. 24027676
**Of Counsel**

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400 (Telephone)
(214) 760-7332 (Facsimile)

**ATTORNEYS FOR DEFENDANT
RAINTREE HEALTHCARE
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2003, a true and correct copy of Defendant Raintree Healthcare Corporation's Supplemental Brief in Support of Defendant's Rule 60(b) Motion to Set Aside Default Judgment was forwarded to counsel for Plaintiffs at the following address via certified mail return receipt requested:

    Thomas S. Allen
    Attorney at Law
    203 South Street
    Nacogdoches, TX 75961

                                              _____
                                                    Hilaree A. Casada

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARLENE BARTLETT, ET. AL., | § § § § | |
| Plaintiffs, | | |
| VS. | § § § | CIVIL ACTION NO. 9:00-CV-249 |
| SUNQUEST SPC INC., ET. AL., | § § § | |
| Defendant. | § | |

## ORDER

The Court grants Defendant Raintree Healthcare Corporation's Rule 60(b) Motion to Set Aside Default Judgment and ORDERS that the Default Judgment entered against Defendants on April 22, 2003 be vacated . The Court further ORDERS that Plaintiffs immediately serve Defendant Raintree Healthcare Corporation with Plaintiffs' First Amended Original Complaint in accordance with the Federal Rules of Civil Procedure.

SIGNED this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT COURT JUDGE